**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joshua L. Hart,<br><br>           Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin,<br><br>           Defendant. | No. CV-15-00078-PHX-DGC<br><br>**ORDER** |

Plaintiff Joshua L. Hart seeks review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security, which denied him disability insurance benefits and supplemental security income under sections 216(i) and 223(d) of the Social Security Act. Because the decision of the Administrative Law Judge ("ALJ") is not supported by substantial evidence and is based on legal error, the Commissioner's decision will be vacated and the matter remanded for an award of benefits.

**I.  Background.**

Plaintiff, a 36-year-old male, has a high school diploma and previously worked as a paratrooper, a process technician, and a television repairman. On December 19, 2012, Plaintiff applied for disability insurance benefits, alleging disability beginning January 13, 2010. On December 4, 2013, he appeared with his attorney and testified at a hearing before the ALJ. A vocational expert also testified. On January 15, 2014, the ALJ issued a decision that Plaintiff was not disabled within the meaning of the Social Security Act.

The Appeals Council denied Plaintiff's request for review of the hearing decision, making the ALJ's decision the Commissioner's final decision.

**II.   Legal Standard.**

The district court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, less than a preponderance, and relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* In determining whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* (quotation marks and citation omitted). As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted).

**III.   The ALJ's Five-Step Evaluation Process.**

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, and the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P

of 20 C.F.R. Pt. 404.  § 404.1520(a)(4)(iii).  If so, the claimant is automatically found to be disabled.  *Id.*  If not, the ALJ proceeds to step four.  At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work.  § 404.1520(a)(4)(iv).  If so, the claimant is not disabled and the inquiry ends.  *Id.*  If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work based on the claimant's RFC, age, education, and work experience.  § 404.1520(a)(4)(v).  If so, the claimant is not disabled.  *Id.*  If not, the claimant is disabled.  *Id.*

At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2017, and that he has not engaged in substantial gainful activity since January 13, 2010.  At step two, the ALJ found that Plaintiff has the following severe impairments: lumbar degenerative disc disease, post laminectomy syndrome, obesity, and status-post spinal cord stimulator implant.  At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404.  At step four, the ALJ found that Plaintiff has the RFC to perform:

> light work as defined in 20 [C.F.R. §] 404.1567(b) except he could frequently climb ramps or stairs and stoop, occasionally climb ladders, ropes and scaffolds, balance, crouch, kneel and crawl.  He should avoid concentrated exposure to extreme cold, excessive noise, vibration, fumes, odors, dusts and gas, hazardous machinery and unprotected heights.

The ALJ further found that Plaintiff is unable to perform any of his past relevant work.  At step five, the ALJ concluded that, considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff could perform.

**IV.  Analysis.**

Plaintiff argues the ALJ erred by: (1) improperly weighing medical opinion evidence, (2) improperly evaluating Plaintiff's credibility, (3) failing to account for

Plaintiff's obesity in the RFC determination, and (4) improperly evaluating third party witness evidence.

### A. The ALJ Improperly Weighed Medical Source Evidence.

Plaintiff argues that the ALJ improperly weighed medical opinions from Nicholas Ransom, M.D.; Marty Feldman, D.O.; and state agency reviewing physicians. Plaintiff also contends that the Appeals Council erred by reviewing the medical opinion of Michaela Tong, M.D., without comment in denying Plaintiff's request for review of the ALJ's decision.

#### 1. Legal Standard.

The Ninth Circuit distinguishes between the opinions of treating physicians, examining physicians, and non-examining physicians. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Generally, an ALJ should give greatest weight to a treating physician's opinion and more weight to the opinion of an examining physician than to one of a non-examining physician. *See Andrews v. Shalala*, 53 F.3d 1035, 1040-41 (9th Cir. 1995); *see also* 20 C.F.R. § 404.1527(c)(1)-(6) (listing factors to be considered when evaluating opinion evidence, including length of examining or treating relationship, frequency of examination, consistency with the record, and support from objective evidence). If it is not contradicted by another doctor's opinion, the opinion of a treating or examining physician can be rejected only for "clear and convincing" reasons. *Lester*, 81 F.3d at 830 (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). A contradicted opinion of a treating or examining physician "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews*, 53 F.3d at 1043).

An ALJ can meet the "specific and legitimate reasons" standard "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986). But "[t]he ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct."

*Embrey*, 849 F.2d at 421-22.

### 2. Nicholas Ransom, M.D.

Dr. Nicholas Ransom is an orthopedic surgeon who performed two surgical procedures on Plaintiff's back. Plaintiff argues that the ALJ improperly afforded Dr. Ransom's medical opinion no weight.

On April 16, 2010, Dr. Ransom performed an L4 laminectomy and an L5-S1 fusion on Plaintiff's back. A.R. 332-37. Dr. Ransom evaluated Plaintiff several times after the surgery. A.R. 349-54. On each occasion, Plaintiff admitted to "significant partial relief" from the procedures but also complained of new post-operative pain and numbness. *Id.* On July 12, 2010, Dr. Ransom opined that Plaintiff is "unable to work for a minimum of 6-12 months post operatively" because he "is unable to sit/walk/stand longer than 30 minutes due to an increase of pain." A.R. 347. Dr. Ransom also opined that Plaintiff would be subject to "lifetime limitations" prohibiting:

> repetitive bending, stooping or lifting greater than 20 pounds on a frequent basis or 40 pounds on a rare basis. No prolonged sit/walk/standing activities for longer than one hour without allowance for position changes for 10 [to] 15 minute breaks. No crawling, kneeling or assuming cramped positions or repetitive push-pull activities.

*Id.*

The ALJ afforded Dr. Ransom's opinion no weight for four reasons. Because the "opinion was rendered shortly after the claimant underwent surgery," the ALJ concluded that it was "reasonable only for a short period of time." A.R. 40. The ALJ found "the opinion of 'lifetime limitations' less persuasive" because the treating relationship lasted only six months and Dr. Ransom did not evaluate Plaintiff after the initial 12-month recovery period. *Id.* The ALJ determined that Dr. Ransom's recommended limitations were "contradicted by the medical evidence of record," and that his opinion was contradicted by Plaintiff's "reports of walking and swimming." *Id.*

Plaintiff argues that the ALJ erred in finding that Dr. Ransom's opinion was reasonable only for a short period of time. An ALJ is charged with resolving conflicting

- 5 -

medical evidence. *Thomas*, 278 F.3d at 956-57. "That role does not grant her a license to exercise her own, independent medical judgment in the absence of such conflict." *Schultz v. Colvin*, 32 F. Supp. 3d 1047, 1060 (N.D. Cal. 2014) (citing *Tackett*, 180 F.3d at 1102; *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975)). In concluding that Dr. Ransom's opinion is reasonable only for a short period of time, the ALJ does not cite any conflicting medical evidence. Nor is it evident that a surgeon who has performed two surgeries on a patient's back, and who has held follow-up visits, is unable to opine reliably on the patient's long-term prognosis. The ALJ appears to be exercising his own independent medical judgment, which is improper. *Id.* The Court concludes that the ALJ erred in concluding that Dr. Ransom's opinion is reasonable only for a short time.

Plaintiff asserts that the ALJ erred in discounting Dr. Ransom's lifetime limitations because the treatment relationship only lasted six months. A treatment relationship between a physician and patient exists when visits occur "with a frequency consistent with accepted medical practice for the type of treatment" required for the patient's medical condition. 20 C.F.R. § 404.1502. A treatment relationship may be established even though the physician only treated or evaluated the patient a few times so long as "the nature and frequency of the treatment or evaluation is typical" for the patient's condition. *Id.* Nor is it unusual for a surgeon to have a relationship with a patient only in connection with the surgery and post-operative follow-up.

A relationship established solely to bolster a disability claim, of course, is not a valid treatment relationship. *Id.* But there is no evidence that Dr. Ransom treated Plaintiff solely to bolster his disability claim. To the contrary, Dr. Ransom performed invasive surgery on Plaintiff and evaluated him on several occasions after the surgery. This is indicative of a legitimate treatment relationship. *See id.* Furthermore, the Commissioner has provided no authority for its position that a treating provider cannot opine about lifetime limitations several months into a 12-month recovery period from an invasive surgical procedure. The Court concludes that the ALJ erred in finding Dr. Ransom's lifetime limitations unpersuasive on this ground.

Plaintiff contends that the ALJ erred in finding Dr. Ransom's opinion inconsistent with the medical evidence in the record. An ALJ must provide "sufficiently specific reasons" for rejecting the opinion of a treating physician. *Embrey*, 849 F.2d at 421-22 (finding ALJ's approach inadequate where "he merely states that the objective factors point toward an adverse conclusion and makes no effort to relate any of these objective factors to any of the specific medical opinions and findings he rejects"). Here, the ALJ concluded that "the limitations given by Dr. Ransom are contradicted by the medical evidence of record" (A.R. 40), but the ALJ failed to identify both the specific findings of Dr. Ransom that are inconsistent and the specific contrary medical evidence. The ALJ's general conclusion is not a sufficiently specific reason for rejecting Dr. Ransom's limitations. *Embrey*, 849 F.2d at 421-22. The Court concludes that the ALJ erred in finding the limitations proposed by Dr. Ransom inconsistent with the medical record.[1]

Plaintiff argues that the ALJ erred in concluding that Dr. Ransom's opinion is contradicted by Plaintiff's reports of walking and swimming. District courts "review the ALJ's decision based on the reasoning and factual findings offered by the ALJ – not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009). The parties agree that Plaintiff's reports of walking and swimming are not inconsistent with Dr. Ransom's opinion. *See* Docs. 16 at 19; 17 at 12. The Commissioner's attempt to point to inconsistencies between Dr. Ransom's opinion and Plaintiff's statement to Dr. Eugene Ross – on which the ALJ's finding did not rely – is an improper *post hoc* rationalization. *Bray*, 554 F.3d at 1225-26. The ALJ erred in finding Dr. Ransom's limitations inconsistent with Plaintiff's statements on swimming and walking.

---

[1] To show Dr. Ransom's opinion's consistency with the medical record, Plaintiff points to the VA's disability determination. Doc. 16 at 18-19. Although the Commissioner is not bound by the determination of the VA, 20 C.F.R. § 404.1504, the Ninth Circuit has ruled that the ALJ is required to consider the VA's findings, *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). The ALJ must ordinarily give great weight to a VA determination of disability, unless the ALJ provides persuasive, specific, valid reasons for disregarding the VA determination. *Id.* The ALJ found that the VA's "finding is not supported by the evidence as a whole." A.R. 40. This general conclusion is neither persuasive nor specific. *McCartey*, 298 F.3d at 1076.

The Court finds that the ALJ failed to provide clear and convincing reasons supported by substantial evidence for discounting Dr. Ransom's opinion. *Lester*, 81 F.3d at 830.

### 3. Marty Feldman, D.O.

Dr. Marty Feldman is a primary care physician who treated Plaintiff for his back ailments. Plaintiff argues that the ALJ improperly afforded Dr. Feldman's medical opinion no weight.

Dr. Feldman is Plaintiff's primary care physician. Dr. Feldman treated Plaintiff for back pain on a dozen occasions within a two-year period. A.R. 508-17, 521-24, 574. On May 16, 2012, Dr. Feldman opined that Plaintiff's "chronic pain syndrome and post laminectomy syndrome . . . have caused and continue to cause him to experience incapacitating episodes which can last from one day, to many sequential days at a time," for at least "7 weeks per calendar year." A.R. 377. During these episodes, Dr. Feldman opined, Plaintiff cannot perform some activities of daily living, including "toileting, dressing, and bathing unassisted." *Id.* Dr. Feldman noted that Plaintiff's wife currently "acts as his non-medical attendant during these bouts of incapacitating episodes." *Id.*

The ALJ afforded Dr. Feldman's opinion no weight for three reasons. The ALJ found that the treating relationship between Dr. Feldman and Plaintiff was sporadic. A.R. 39. The ALJ determined that Dr. Feldman's opinion was "inconsistent with the doctor's own objective findings and the other objective medical evidence." *Id.* The ALJ also found that Dr. Feldman's opinion was "inconsistent with the claimant's self-reported activities of daily living, which include swimming, golfing and walking." *Id.* Plaintiff challenges each of these findings.

Plaintiff argues that the ALJ erred in finding that the treating relationship between Dr. Feldman and Plaintiff was "sporadic." *Id.* The Commissioner concedes that the ALJ erred in reaching this conclusion, but maintains that "the ALJ provided valid reasons to discount Dr. Feldman's opinion, and any error was harmless." Doc. 17 at 13. The Court concludes that the ALJ erred in finding that the treatment relationship between Dr.

Feldman and Plaintiff was sporadic.

Plaintiff contends that the ALJ erred in finding that Dr. Feldman's opinion was inconsistent with his own objective findings and the other objective medical evidence in the file. An ALJ may only reject a treating physician's opinion "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted). "The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citing *Embrey*, 849 F.2d at 421-22). Here, the ALJ concluded that Dr. Feldman's opinion was "inconsistent with the doctor's own objective findings and the other objective medical evidence." A.R. 39. The ALJ supported this conclusion by generally citing to nine voluminous exhibits spanning hundreds of pages. *Id.* The ALJ did not identify specific conflicting clinical evidence. Nor did he explain why his interpretations, rather than Dr. Feldman's, were correct. The ALJ's conclusory statement is insufficient.[2] *Reddick*, 157 F.3d at 725. The Court concludes that the ALJ erred in finding that Dr. Feldman's opinion was inconsistent with his own objective findings and the other objective medical evidence in the record.

Plaintiff contends that the ALJ erred in determining that Dr. Feldman's opinion was inconsistent with Plaintiff's self-reported activities of daily living, including swimming, golfing, and walking. The ALJ supported this conclusion by generally citing to five exhibits. A.R. 39. Again, the ALJ did not identify specific statements made by Plaintiff that were inconsistent with Dr. Feldman's opinion. Nor did he explain why his interpretations, rather than Dr. Feldman's, were correct. The ALJ's conclusory statement

---

[2] The Commissioner attempts to bolster the ALJ's conclusory statement by identifying specific evidence within the nine exhibits cited by the ALJ that are allegedly inconsistent with Dr. Feldman's opinion. Doc. 17 at 13-14. This Court's mandate, however, is to review the ALJ's decision and its reasoning without considering *post hoc* rationalizations. *See Bray*, 554 F.3d at 1225 ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ – not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking."). The Court therefore has not considered the specific evidence identified in the Commissioner's brief in reaching this conclusion.

is insufficient.[3]  *Reddick*, 157 F.3d at 725.  The Court concludes that the ALJ erred in finding that Dr. Feldman's opinion was inconsistent with Plaintiff's self-reported activities daily living.

The Court finds that the ALJ failed to provide clear and convincing reasons supported by substantial evidence for discounting Dr. Feldman's opinion.  *Lester*, 81 F.3d at 830.

### 4. Michaela Tong, M.D.

Dr. Michaela Tong treated Plaintiff for his back problems.  Plaintiff argues that the Appeals Council erred by receiving, but refusing to comment on, Dr. Tong's opinion.

It is well settled that "when the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence."  *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012).  Plaintiff submitted Dr. Tong's opinion on March 21, 2014, two months after the ALJ's decision.  A.R. 589-90.  On November 19, 2014, the Appeals Council issued its decision denying Plaintiff's request for review of the ALJ's decision.  A.R. 1.  In denying Plaintiff's request, the Appeals Council considered additional evidence submitted by Plaintiff, including Dr. Tong's opinion.  A.R. 1, 4.  Because the Appeals Council considered Dr. Tong's opinion in denying Plaintiff's request for review, it is part of the administrative record and must be considered by this Court.  *Brewes*, 682 F.3d at 1163.

Plaintiff argues that the Appeals Council erred when it received Dr. Tong's opinion without commenting on it.  Doc. 16 at 22.  The Appeals Council had no duty to comment on Dr. Tong's opinion if it concluded that it would not change its conclusion that the ALJ's decision was supported by substantial evidence.  *See Dover v. Colvin*, No.

---

[3] The Commissioner once again attempts to bolster the ALJ's conclusory statement by identifying specific pieces of evidence not relied upon by the ALJ.  Doc. 17 at 14.  This *post hoc* rationalization is improper.  *See Bray*, 554 F.3d at 1225.  The Court therefore has not considered the specific evidence identified in the Commissioner's brief in reaching this conclusion.

CV-13-00438-PHX-NVW, 2014 WL 2048079, at *8 (D. Ariz. May 19, 2014) (citing *Brewes*, 682 F.3d at 1162-63). Even if the Appeals Council had such a duty, Dr. Tong's opinion would not lead to the conclusion that the ALJ's decision was not supported by substantial evidence. Dr. Tong's assessment stated that Plaintiff's limitations were not in existence as of January 13, 2010. A.R. 590. Dr. Tong stated that Plaintiff "was on active military duty until injured 1 pm on Jan 13, 2010." *Id.* Dr. Tong's assessment provides no indication as to when the opined limitations were present. Dr. Tong's opinion is therefore not inconsistent with the ALJ's determination that Plaintiff was not disabled as of January 13, 2010.

### 5. State Agency Reviewing Physicians.

Plaintiff argues that the ALJ erred when it gave great weight to the opinions of state agency reviewing physicians who neither treated nor examined Plaintiff. Generally, an ALJ should give greatest weight to a treating physician's opinion and more weight to the opinion of an examining physician than to that of a non-examining physician. *See Andrews*, 53 F.3d at 1040-41. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician *or* a treating physician." *Lester*, 81 F.3d at 831 (citations omitted). State agency physicians reviewed Plaintiff's medical records both at the initial level (A.R. 94) and at the reconsideration level (A.R. 110). The state agency physicians concluded that Plaintiff was capable of performing some range of light work and was therefore not disabled. A.R. 107, 126.

The ALJ gave these opinions great weight because they were not contradicted by anything in the record and the asserted RFC was reasonable and consistent with the objective medical evidence. A.R. 39. As discussed above, the ALJ erred in assigning no weight to the opinions of Dr. Ransom and Dr. Feldman. The opinions of the non-treating, non-examining state agency physicians cannot, standing alone, constitute substantial evidence to overcome the opinions of these treating physicians. *Lester*, 81 F.3d at 831. The Court therefore concludes that the ALJ erred in affording great weight

to the opinions of non-treating and non-examining state agency physicians.

### 6. Conclusion.

The Court finds that the ALJ erred in weighing the opinions of Dr. Ransom, Dr. Feldman, and the state agency physicians. The Court concludes that the Appeals Council did not err in receiving Dr. Tong's opinion without comment. Because the ALJ erred in affording the opinions of Dr. Ransom and Dr. Feldman no weight, the Court must vacate the ALJ's decision.

## B. Plaintiff's Other Arguments.

Plaintiff also argues that the ALJ erred by (1) improperly evaluating Plaintiff's subjective testimony, (2) failing to account for Plaintiff's obesity in its RFC assessment, and (3) affording Plaintiff's wife's opinion minimal weight. Having already decided that the ALJ's decision must be vacated, the Court finds it is unnecessary resolve these issues.

## C. Remand.

In the Ninth Circuit, when an ALJ fails to provide adequate reasons for rejecting evidence, a reviewing court must credit that evidence as true. *Lester*, 81 F.3d at 834. An action should be remanded for an immediate award of benefits when the following three factors are satisfied: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (citing *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1202 (9th Cir. 2008), *Lingenfelter v. Astrue*, 504 F.3d 1028, 1041 (9th Cir. 2007), *Orn*, 495 F.3d at 640, *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004), *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).

When the opinions of Dr. Ransom and Dr. Feldman are credited as true, the following facts are established: Plaintiff cannot stand or walk for more than one hour at a time, cannot sit for more than one hour without allowances for position changes every 10-15 minutes, and cannot lift more than 20 pounds on a frequent basis or 40 pounds on a

rare basis. A.R. 347. Plaintiff cannot perform activities involving repetitive bending or stooping, crawling, kneeling, assuming cramped positions, or repetitive push-pull activities. *Id.* Plaintiff's back ailments cause incapacitating episodes that span at least seven weeks per year, during which time he cannot perform activities of daily living without assistance. A.R. 377. Given these restrictions and the vocational expert's testimony at Plaintiff's hearing, Plaintiff does not have the ability to work. A.R. 89-90. Because it is clear from the record that the ALJ would be required to find Plaintiff disabled if Dr. Ransom's and Dr. Feldman's opinions were credited as true, a remand for further proceedings is unnecessary. *Orn*, 495 F.3d at 640.

**IT IS ORDERED** that the final decision of the Commissioner of Social Security is **vacated** and this case is **remanded** for an award of benefits. The Clerk shall enter judgment accordingly and **terminate** this case.

Dated this 9th day of December, 2015.

*Daniel G. Campbell*
_____
David G. Campbell
United States District Judge